# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CASA SYSTEMS, INC., <br><br> Debtor.[1] <br><br> Tax I.D. No.: 75-3108867 | Chapter 11 <br><br> Case No. 24-10695 (KBO) |
| In re: <br><br> CASA SYSTEMS SECURITIES CORPORATION, <br><br> Debtor. <br><br> Tax I.D. No.: 27-4381151 | Chapter 11 <br><br> Case No. 24-10696 (KBO) |
| In re: <br><br> CASA PROPERTIES LLC, <br><br> Debtor. <br><br> Tax I.D. No.: 47-3306767 | Chapter 11 <br><br> Case No. 24-10697 (KBO) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):[2]

---

[1] The Debtors' service address is 100 Old River Road, Andover, MA 01810.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Edward Durkin in Support of Chapter 11 Petitions and First Day Pleadings* and the *Declaration of Brian Whittman in Support of the Debtors' Motions to Use Cash Collateral, Approve Bidding Procedures, and Approve the Cloud/RAN Sale, and Other First Day Pleadings,* as applicable (collectively, the "First Day Declarations"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declarations, as applicable.

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting, among other things, the following relief:

   a. authorizing joint administration of the chapter 11 cases for procedural purposes only; and

   b. granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal bases for the relief requested in this Motion are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND OF THE DEBTORS

5. The Debtors operate a global communications technology business that offers end-to-end physical, virtual, and cloud-native 5G infrastructure and customer premise networking

equipment solutions.  These solutions, in turn, enable the Debtors' customers to transform and expand their public and private high-speed data and multi-service communications networks.  The Debtors' solutions are commercially deployed in over 70 countries by more than 475 customers, including regional as well as some of the world's largest Tier 1 communications service providers, serving millions of subscribers globally.

6. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under sections 101–1532 of title 11 of the United States Code (the "Bankruptcy Code") in the Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

7. Additional information regarding the Debtors' businesses, capital structures and circumstances preceding the Petition Date may be found in the First Day Declarations.

**BASIS FOR RELIEF REQUESTED**

8. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate," in pertinent part, as:

> (A)    [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B)    [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

9. The Debtors are all "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, the Court is authorized to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

11. Joint administration of the chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Further, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and dockets. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, as it will spare them the time and effort of reviewing duplicative pleadings and papers.

12. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation, and not the substantive consolidation, of the Debtors' estates. As such, each creditor will continue to hold its claim against a particular Debtor's estate after the relief requested in this Motion is granted. Accordingly, the Debtors respectfully

4

request that the Court modify the captions of the chapter 11 cases to reflect joint administration as follows:

| | |
|---|---|
| In re:<br><br>CASA SYSTEMS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10695 (KBO)<br><br>(Jointly Administered) |

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are Casa Systems, Inc. (8867), Casa Systems Securities Corporation (1151), and Casa Properties LLC (6767). The Debtors' service address is 100 Old River Road, Andover, MA 01810.

13. As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's federal tax identification number and the Debtors' mailing address.

14. In addition, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors' cases (except that of Debtor Casa Systems, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Casa Systems, Inc., Case No. 24-10695 (KBO), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 24-10695 (KBO) should be consulted for all matters affecting this case.

15. In view of the fact that joint administration is a procedural matter only, the Debtors propose that a separate claims register for each Debtor will be maintained by Epiq Corporate Restructuring, LLC, the Debtors' proposed claims and noticing agent, and respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors, or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**NOTICE**

17. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) JPMorgan Chase Bank, N.A., or its successor as administrative agent under the Superpriority Credit Agreement; (d) Delaware Trust Company; (e) counsel to the Ad Hoc Group; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Communications Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A,** granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 3, 2024
Wilmington, Delaware

/s/ *Joseph M. Mulvihill*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Joseph Barry (Del. Bar No. 4221)<br>Joseph M. Mulvihill (Del. Bar No. 6061)<br>Timothy R. Powell (Del. Bar No. 6894)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jbarry@ycst.com<br>          jmulvihill@ycst.com<br>          tpowell@ycst.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* | **SIDLEY AUSTIN LLP**<br>Stephen E. Hessler (*pro hac vice* pending)<br>Patrick Venter (*pro hac vice* pending)<br>Margaret R. Alden (*pro hac vice* pending)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>Email: shessler@sidley.com<br>          pventer@sidley.com<br>          malden@sidley.com<br><br>Ryan L. Fink (*pro hac vice* pending)<br>One South Dearborn<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>Email: ryan.fink@sidley.com<br><br>Julia Philips Roth (*pro hac vice* pending)<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 595-9500<br>Facsimile:  (310) 595-9501<br>Email: julia.roth@sidley.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CASA SYSTEMS, INC.,<br><br>Debtor.[1]<br><br>Tax I.D. No.: 75-3108867 | Chapter 11<br><br>Case No. 24-10695 (KBO) |
| In re:<br><br>CASA SYSTEMS SECURITIES CORPORATION,<br><br>Debtor.<br><br>Tax I.D. No.: 27-4381151 | Chapter 11<br><br>Case No. 24-10696 (KBO) |
| In re:<br><br>CASA PROPERTIES LLC,<br><br>Debtor.<br><br>Tax I.D. No.: 47-3306767 | Chapter 11<br><br>Case No. 24-10697 (KBO) |

**ORDER (I) AUTHORIZING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Casa Systems, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, (a) authorizing joint administration of these chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and this Court

---

[1] The Debtors' service address is 100 Old River Road, Andover, MA 01810.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion and the First Day Declarations; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 24-10695 (KBO) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. (i) The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these jointly administered cases and (ii) a separate claims register for each Debtor shall be maintained by Epiq Corporate Restructuring, LLC, the Debtors' proposed claims and noticing agent.

4. The caption of pleadings and other document filed in the jointly administered cases shall read as follows:

|  |  |
|---|---|
| In re: | Chapter 11 |
| CASA SYSTEMS, INC., *et al.*,[1] | Case No. 24-10695 (KBO) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are Casa Systems, Inc. (8867), Casa Systems Securities Corporation (1151), and Casa Properties LLC (6767). The Debtors' service address is 100 Old River Road, Andover, MA 01810.

5. As reflected in the above caption, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's federal tax identification number and the Debtors' mailing address.

6. The caption set forth above shall be deemed to satisfy any applicable requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

7. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Casa Systems, Inc., 24-10695 (KBO).

8. A docket entry shall be made in the chapter 11 cases of each of the Debtors, other than Debtor Casa Systems, Inc., substantially as follows:

> An order has been entered in this case consolidating this case with the case of Casa Systems, Inc., Case No. 24-10695 (KBO), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 24-10695 (KBO) should be consulted for all matters affecting this case.

9. Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of these chapter 11 cases.

10. This Order shall take effect immediately upon entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

3

4

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.