**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CASA SYSTEMS, INC., *et al.*,[1] | Case No. 24-10695 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF NEERAJ GUPTA ON BEHALF OF SKYVERA US HOLDCO, LLC
IN SUPPORT OF ENTRY OF ORDER (I) APPROVING SALE OF CERTAIN OF THE
DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND
ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, (II)
APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES IN CONNECTION
THEREWITH, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO THE PURCHASER, AND
(IV) GRANTING RELATED RELIEF**

I, Neeraj Gupta, hereby declare, under penalty of perjury, the following:

1.      I submit this declaration (the "Declaration")[2] in connection with, and in support of,
entry of a revised order substantially similar to the Form Sale Order, but instead approving the
Asset Purchase Agreement attached hereto as **Exhibit A** by and among Skyvera US Holdco, LLC
("Purchaser") and the Sellers, together with all ancillary documents thereto (the "Purchase
Agreement"), and the transactions contemplated thereunder, including the sale of the Transferred
Assets to Purchaser, free and clear of liens, claims, encumbrances, and other interests to the extent
set forth in the Purchase Agreement.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification
number, are Casa Systems, Inc. (8867), Casa Systems Securities Corporation (1151), and Casa Properties LLC
(6767).  The Debtors' service address is 100 Old River Road, Andover, MA 01810.

[2]    Capitalized terms used but not otherwise defined herein have the meaning given to them in the *Order (I)
Approving the Private Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances,
with Such Interests to Attach to the Proceeds, (II) Approving Assumption and Assignment Procedures in
Connection Therewith, (III) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired
Leases to the Purchaser, and (IV) Granting Related Relief* [Dkt. No. 42-1] (the "Form Sale Order").

2.      I am over the age of 18 and am authorized to make this Declaration on behalf of Purchaser.  Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, information provided to me, my review of relevant documents, and/or my experience.  If called to testify, I would testify competently to the facts set forth in this Declaration.

## Background

3.      I serve as the Chief Investment Officer for Purchaser, Purchaser's direct parent, Skyvera, LLC ("Skyvera") and their affiliated group of companies (the "Skyvera Group"), including with respect to Purchaser's proposed acquisition of the Cloud/RAN Assets of the above-captioned Debtors and certain of their non-debtor affiliates.  I first joined Trilogy, Inc., part of the Skyvera Group, as an employee in 1995.  I am based in Austin, Texas.

4.      Founded in 2018 and headquartered in Austin, Texas, Skyvera is a global software and communications company that provides communication service providers ("CSPs") with the software offerings they need to support their businesses.  Skyvera acquires operating telecommunication software businesses and products, which it integrates into its existing portfolio by providing technical support, product innovation, and a path for leveraging the power of the public cloud.  Skyvera's strategy is to refactor and modernize acquired products for use with the public cloud, assisting CSP's on their public cloud journey.  Skyvera's products include: PeerApp, which offers open solutions for local streaming video delivery; Mobilogy, which provides end-to-end mobile lifecycle solutions; VoltDelta, a multi-channel contact center delivered from the cloud; Vasona, which helps maximize the value of RAN investments; Sterlite Tech (software assets), which provides BSS, analytics, and network software to CSPs; and Kandy Communications, a cloud-based communications platform with global UCaaS and CPaaS solutions.  Since its

founding, Skyvera has completed nearly a dozen acquisitions and now has over fifty CSP customer relationships.

5.      Purchaser only became aware of the Sellers' private sale of the Cloud/RAN Assets after the Debtors filed bankruptcy days 19 days ago.  In that short time, the Purchaser has worked around the clock with the Debtors, their principals, and their advisors to conduct due diligence around the Cloud/RAN business (including holding meetings with the Debtors' key business people) and to match or exceed the existing bid made by Lumine Group US Holdco Inc. ("Lumine") on all fronts.  These efforts ultimately culminated on the morning of April 19, 2024 when Purchaser submitted a binding bid of $18 million (the "Skyvera Bid") for the Transferred Assets and wired a $900,000 good faith deposit to be held in escrow.  Overall, in my view, this represents a 20% higher and better bid than the existing $15 million Lumine bid.  Moreover, over the past weekend and continuing into this week, Purchaser has continued to work with the Debtors and their advisors to address open issues and to enhance Purchaser's bid.  Purchaser is incorporating these changes in a revised Purchase Agreement to be filed as soon as possible.

6.      Purchaser is uniquely positioned to acquire the Transferred Assets as Purchaser has the capability and experience in delivering similar services and solutions spanning across a large number of clients in multiple industries.  With a proven track record of acquisitions and over 30 years of providing outstanding support to its clients, the Skyvera Group has focused on accelerating their success by helping clients re-imagine technology solutions.  Supported by delivery capacity in the United States and multiple other countries, the Skyvera Group provides high quality, customized, cost-effective, flexible and innovative solutions to meet and exceed its clients' objectives utilizing its business and technology expertise.

**Good Faith and No Successor Liability**

7.      The Skyvera Bid is a good faith, bona fide offer that Purchaser intends to consummate in accordance with the terms of the Purchase Agreement as revised.

8.      None of the Skyvera Group, including Purchaser, are "affiliates" or "insiders" of any of the Debtors and no common identity of incorporators, members, directors, or controlling stakeholders exist between the Skyvera Group, including Purchaser, on the one hand, and any of the Debtors, on the other hand.

9.      At all times during this sale process Purchaser's communications and negotiations with the Debtors, including those of Purchaser's representatives and advisors, have been in good faith and the Purchase Agreement was negotiated, proposed, and entered into by the parties in good faith, without collusion, and from an arm's length bargaining position.  Purchaser will not consummate the transactions contemplated by the Purchase Agreement if (i) the sale of the Transferred Assets is not free and clear of all liens, claims, interests (except Permitted Lines as defined in Purchaser Agreement), and (ii) Purchaser is not provided with the successor liability protections and injunctions contained in the Revised Sale Order.

**Adequate Assurance of Future Performance**

10.      As part of the sale of the Transferred Assets, the Debtors may assume and assign certain executory contracts and unexpired leases[3] to Purchaser.  Purchaser has the necessary financial capacity to consummate the transactions contemplated by the Purchase Agreement and perform under all executory contracts and unexpired leases described on the schedules attached (or to be attached) thereto (the "Assigned Contracts").

---

[3]      The executory contracts and unexpired leases that may potentially be assumed and assigned are set forth on **Schedule 1** attached to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Dkt. No. 85]

11.     Purchaser is a privately held company and so its financial information is not released publicly and as such we have provided evidence of our financial wherewithal to the Debtors in the form of a bank letter from BTIG, LLC to the Debtors.  Additionally, upon request, Purchaser is willing to provide additional information to counterparties to the Assigned Contracts to further demonstrate adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Assigned Contracts.

12.     The Assigned Contracts are an integral part of the Transferred Assets being purchased by Purchaser and, as such, the assumption and assignment of the Assigned Contracts are reasonable and necessary to sell the Transferred Assets to Purchaser and will enhance the value of the Debtors' estates.

13.     In addition, to ensure a seamless transition of the Debtors' business operations relating to the Cloud/RAN Assets, Purchaser and Sellers have agreed to work together in good faith to ensure and support the orderly transition of the Transferred Asserts at Purchaser's cost, giving Purchaser access to the Debtors' capabilities and resources necessary to effectuate the seamless conveyance of the Transferred Assets to Purchaser.

14.     Considering the foregoing, I believe that Purchaser has the financial wherewithal, management expertise, and resources necessary to continue performing under any Assumed Contracts and providing goods and services to customers associated with the Transferred Assets.

[*remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information and belief.

Dated: April 22, 2024

*/s/ Neeraj Gupta*
Neeraj Gupta
Chief Investment Officer